# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1123 | **DATE** | June 14, 2013 |
| **CASE TITLE** | Stevie Jackson (#2012-1004161) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [6] is granted. The trust fund officer at the Cook County Jail is directed to deduct $13.34 from Plaintiff's jail trust account as an initial partial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund office at the Cook County Jail. Plaintiff may proceed with this case against Cook County Jail Superintendents Lisle and Raez, as well as Jail Librarians Sankey and Keehol, and the Clerk shall issue summonses for service of the complaint on these Defendants. The other Defendants are dismissed. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and instructions for filing documents, along with a copy of this order and a copy of his complaint. Plaintiff's motion to be represented by counsel [7] is denied. His motions for information about this case and a copy of his complaint [4, 8, 9] are granted to the extent that this order provides him with information and a copy of his complaint, but are denied in all other respects. Future requests for copies of pleadings must be submitted to the Certified Copies Desk in the Clerk's office.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Stevie Jackson, an inmate in the custody of the Cook County Department of Corrections, has submitted a completed *in forma pauperis* application in accordance with the Court's 5/2/13 order. The court grants his *i.f.p.* motion and assesses an initial partial filing fee of $13.34. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of this Court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The complaint may proceed against Cook County Jail Superintendents Lisle (perhaps Lyles) and Raez, and against Librarians Sankey and Keehol. Plaintiff states that, in retaliation for his filing suit against Sankey, Defendants Sankey and Keehol regularly denied his requests for library access and refused to provide postage and writing materials to draft and send pleadings. Plaintiff asserts he complained to Superintendents Lisle and Raez, but to no avail. Plaintiff's allegations sufficiently state colorable claims against these Defendants. *Eichwedel v. Chandler*, 696 F.3d 660, 674 n.41 (7th Cir. 2012) (jail officials may not retaliate against an inmate for having filed a lawsuit), citing *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *see also Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (a supervisor may be subject to § 1983 liability if he knew about unconstitutional conduct and facilitates it, approves it, condones it, or turns a blind eye to it).

| **STATEMENT** |
|---|

As to the other Defendants, Sheriff Tom Dart and Director Hickerson, Plaintiff does not allege that they were personally involved to support a claim against them in their individual capacities. Nor does he allege that there was an unconstitutional custom or policy which would justify holding them liable in their official capacities. *See Thomas v. Cook Cnty. Sheriff's Dep't,* 604 F.3d 293, 303 (7th Cir. 2010) (to state a claim of an unconstitutional custom or policy, a plaintiff must allege facts demonstrating an express policy or a practice so widespread that it amounted to a policy; one, two, or even three instances of unconstitutional conduct does not generally establish a custom or policy). Dart and Hickerson are dismissed.

The Clerk shall issue summons for service of the complaint on Cook County Jail Superintendents Lisle and Raez and on Jail Librarians Sankey and Keehol. The U.S. Marshals Service is appointed to serve these Defendants. If the Marshal needs Plaintiff to complete forms so that service may be accomplished, the Marshal shall send Plaintiff such forms. Plaintiff's failure to return the forms to the Marshal may result in the dismissal of Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee no longer at the work address provided by Plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the court file nor released by the Marshal. The Marshal is authorized to send a request for waiver of service to each Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. Plaintiff must also send an exact copy of any filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff has filed a motion for attorney representation. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, however, *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866-7
(7th Cir. 2013), and will review several factors in determining whether to do so, including whether the indigent plaintiff has made reasonable attempts to secure counsel on his own and whether the case is too factually or legally difficult for the prisoner to handle on his own, in light of his education, his litigation experience, and his communication skills. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). After considering the above factors, the court concludes that the solicitation of counsel is not warranted at this stage. Plaintiff has presented no information concerning his efforts to retain private counsel, and though he has identified vision problems and some mental health concerns, he has successfully litigated dozens of cases in this court, and his submissions to date have been coherent and articulate. His motion for attorney representation is denied without prejudice to renewal, should circumstances warrant.